UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:23-CR-00042-CJC |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND PRIVACY ACT INFORMATION |
| v. | |
| ANASTASSIA KREZOUB, aka "Sylvia Kass," | |
| Defendant. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information and Privacy Act Information, filed by the government and defendant Anastassia Krezoub ("defendant") in this matter on May 5, 2023, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1.    The government's discovery in this case relates to defendant's alleged crimes, that is, violations of 18 U.S.C. § 2261A(2)(B), 2261(b)(5) (Stalking) and 18 U.S.C. § 875(d) (Transmitting Interstate Communications with Intent to Extort).

2.    A protective order for the discovery is necessary so that the government can produce to the defense materials containing third parties' PII.  The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without this Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3.    An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  The Court finds that, to the extent that these materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

4.    The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and

1  (b) provide the defense with sufficient information to adequately

2  represent defendant.

3      5.    Accordingly, the discovery that the government will

4  provide to defense counsel in the above-captioned case will be

5  subject to this Protective Order, as follows:

6          a.    As used herein, "PII Materials" includes any

7  information that can be used to identify a person, including a name,

8  address, date of birth, Social Security number, driver's license

9  number, telephone number, account number, email address, or personal

10  identification number.

11         b.    "Confidential Information" refers to any document or

12  information containing PII Materials that the government produces to

13  the defense pursuant to this Protective Order and any copies

14  thereof.

15         c.    "Defense Team" includes (1) defendant's counsel of

16  record ("defense counsel"); (2) other attorneys at defense counsel's

17  office who may be consulted regarding case strategy in this case;

18  (3) defense investigators who are assisting defense counsel with

19  this case; (4) retained experts or potential experts; and

20  (5) paralegals, legal assistants, and other support staff to defense

21  counsel who are providing assistance on this case.    The Defense Team

22  does not include defendant, defendant's family members, or any other

23  associates of defendant.

24         d.    The government is authorized to provide defense

25  counsel with Confidential Information marked with the following

26  legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE

27  ORDER."  The government may put that legend on the digital medium

28  (such as DVD or hard drive) or simply label a digital folder on the

1  digital medium to cover the content of that digital folder.  The

2  government may also redact any PII contained in the production of

3  Confidential Information.

4          e.    If defendant objects to a designation that material

5  contains Confidential Information, the parties shall meet and

6  confer.  If the parties cannot reach an agreement regarding

7  defendant's objection, defendant may apply to this Court to have the

8  designation removed.

9          f.    Defendant and the Defense Team shall use the

10  Confidential Information solely to prepare for any pretrial motions,

11  plea negotiations, trial, and sentencing hearing in this case, as

12  well as any appellate and post-conviction proceedings.

13          g.    The Defense Team shall not permit anyone other than

14  the Defense Team to have possession of Confidential Information,

15  including defendant, while outside the presence of the Defense Team.

16          h.    At no time, under no circumstance, will any

17  Confidential Information be left in the possession, custody, or

18  control of defendant, regardless of defendant's custody status.

19          i.    Defendant may review PII Materials only in the

20  presence of a member of the Defense Team, who shall ensure that

21  defendant is never left alone with any PII Materials.  At the

22  conclusion of any meeting with defendant at which defendant is

23  permitted to view PII Materials, defendant must return any PII

24  Materials to the Defense Team, and the member of the Defense Team

25  present shall take all such materials with him or her.  Defendant

26  may not take any PII Materials out of the room in which defendant is

27  meeting with the Defense Team.

28

1        j.    Defendant may see and review Confidential Information

2    as permitted by this Protective Order, but defendant may not copy,

3    keep, maintain, or otherwise possess any Confidential Information in

4    this case at any time.  Defendant also may not write down or

5    memorialize any data or information contained in the Confidential

6    Information.

7        k.    The Defense Team may review Confidential Information

8    with a witness or potential witness in this case, including

9    defendant.  A member of the Defense Team must be present if PII

10   Materials are being shown to a witness or potential witness.  Before

11   being shown any portion of Confidential Information, however, any

12   witness or potential witness must be informed of, and agree orally

13   to be bound by, the requirements of the Protective Order.  Defense

14   Team will maintain a log memorializing that such notice was provided

15   to the witness and that the witness agreed verbally to be bound by

16   the terms and conditions of this Protective Order.  No member of the

17   Defense Team shall permit a witness or potential witness to retain

18   Confidential Information or any notes generated from Confidential

19   Information.

20       l.    The Defense Team shall maintain Confidential

21   Information safely and securely, and shall exercise reasonable care

22   in ensuring the confidentiality of those materials by (1) not

23   permitting anyone other than members of the Defense Team, defendant,

24   witnesses, and potential witnesses, as restricted above, to see

25   Confidential Information; (2) not divulging to anyone other than

26   members of the Defense Team, defendant, witnesses, and potential

27   witnesses, the contents of Confidential Information; and (3) not

28

5

1  permitting Confidential Information to be outside the Defense Team's

2  offices, homes, vehicles, or personal presence.

3          m.    To the extent that defendant, the Defense Team,

4  witnesses, or potential witnesses create notes that contain, in

5  whole or in part, Confidential Information, or to the extent that

6  copies are made for authorized use by members of the Defense Team,

7  such notes, copies, or reproductions become Confidential Information

8  subject to the Protective Order and must be handled in accordance

9  with the terms of the Protective Order.

10         n.    The Defense Team shall use Confidential Information

11  only for the litigation of this matter and for no other purpose.

12  Litigation of this matter includes any appeal filed by defendant and

13  any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the

14  event that a party needs to file Confidential Information with the

15  Court or divulge the contents of Confidential Information in court

16  filings, the filing should be made under seal.  If the Court rejects

17  the request to file such information under seal, the party seeking

18  to file such information publicly shall provide advance written

19  notice to the other party to afford such party an opportunity to

20  object or otherwise respond to such intention.  If the other party

21  does not object to the proposed filing, the party seeking to file

22  such information shall redact any PII Materials and make all

23  reasonable attempts to limit the divulging of PII Materials.

24         o.    Any Confidential Information inadvertently produced

25  in the course of discovery prior to entry of the Protective Order

26  shall be subject to the terms of this Protective Order.  If

27  Confidential Information was inadvertently produced prior to entry

28  of the Protective Order without being marked "CONFIDENTIAL

6

1  INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government

2  shall reproduce the material with the correct designation and notify

3  defense counsel of the error.   The Defense Team shall take immediate

4  steps to destroy the unmarked material, including any copies.

5          p.    Confidential Information shall not be used by any

6  member of the defense team, in any way, in any other matter, absent

7  an order by this Court.   All materials designated subject to the

8  Protective Order maintained in the Defense Team's files shall remain

9  subject to the Protective Order unless and until such order is

10  modified by this Court.   Within 30 days of the conclusion of

11  appellate and post-conviction proceedings, defense counsel shall

12  return all PII Materials, certify that such materials have been

13  destroyed, or certify that such materials are being kept pursuant to

14  the California Business and Professions Code and the California

15  Rules of Professional Conduct.

16          q.    In the event that there is a substitution of counsel

17  prior to when such documents must be returned, new defense counsel

18  must be informed of, and agree in writing to be bound by, the

19  requirements of the Protective Order before defense counsel

20  transfers any Confidential Information to the new defense counsel.

21  New defense counsel's written agreement to be bound by the terms of

22  the Protective Order must be returned to the Assistant U.S. Attorney

23  assigned to the case.   New defense counsel then will become the

24  Defense Team's custodian of materials designated subject to the

25  Protective Order and shall then become responsible, upon the

26  conclusion of appellate and post-conviction proceedings,

27  for returning to the government, certifying the destruction of, or

28

retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials.

          r.   Defense counsel shall advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

    IT IS SO ORDERED.


_____    _____
DATE                            THE HONORABLE CORMAC J. CARNEY
                                    UNITED STATES DISTRICT JUDGE

Presented by:

    */s/*
_____
ANDREW M. ROACH
Assistant United States Attorney

8