CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
TERRA D. CASTILLO LAUGHTON (Bar No. 321683)
(E Mail: terra_laughton@fd.org)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
ANASTASSIA KREZOUB

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANASTASSIA KREZOUB,<br>aka "Sylvia Kass,"<br><br>Defendant. | Case No. 8:23-cr-00042-CJC<br><br>**DEFENDANT'S EX PARTE APPLICATION FOR ORDER SETTING BAIL REVIEW HEARING BEFORE THE DISTRICT COURT; [PROPOSED] ORDER** |

Defendant Anastassia Krezoub, by and through her attorney of record, Deputy Federal Public Defender Terra D. Castillo Laughton, hereby applies *ex parte* for an order setting a bail review hearing before the District Court. This application is based on the attached memorandum of points and authorities, the files and records in this case, and the attached declaration of counsel.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 26, 2023         By  *Terra D. Castillo Laughton*
                                TERRA CASTILLO LAUGHTON
                                Deputy Federal Public Defender
                                Attorney for Anastassia Krezoub

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Ms. Krezoub requests a bail review hearing so that she can present new information regarding sureties who are willing to assist her with bond. As explained in greater detail in the Declaration of Terra Castillo Laughton attached hereto, the government's position is that any bail review must be conducted by the district court. *See* Castillo Laughton Decl. ¶¶8-9. The defense does not object to this procedure.

Pursuant to 18 U.S.C. § 3145(b), a defendant may request that the district court with "original jurisdiction" revoke or amend a detention order issued by a magistrate judge. The district court's review pursuant to Section 3145(b) is de novo and the court may consider new evidence not presented at the original detention hearing. *See United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990); *United States v. Freitas*, 602 F. Supp. 1283, 1293–94 (N.D. Cal. 1985) (district court may consider transcript of detention hearing "as well as any newly developed evidence that was not presented at the prior hearing").

At the bail review hearing, Ms. Krezoub intends to request the following relief:

- Release on bond subject to an appearance bond of $10,000;
- Ms. Krezoub to reside at her cousin Larisa Gomenyuk's home in Plumas Lake, California;
- Permission to travel between the Eastern District of California and the Central District of California as required for her case; and
- Any other conditions deemed necessary by the Court.

The government opposes Ms. Krezoub's request for bond. Castillo Laughton Decl. ¶8.

Ms. Krezoub respectfully requests that the district court set a bail review hearing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 26, 2023     By  */s/ Terra D. Castillo Laughton*
TERRA D. CASTILLO LAUGHTON

2

# DECLARATION OF TERRA CASTILLO LAUGHTON

I, Terra Castillo Laughton, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court. I have been appointed to represent Ms. Krezoub in the above-captioned matter.

2. On information and belief, Ms. Krezoub was arrested on March 24, 2023 in the Northern District of California pursuant to an arrest warrant issued upon a criminal complaint in the above-captioned matter, originating in the Central District of California.

3. I am informed and believe that on March 30, 2023, following her initial appearance on March 27, 2023, Ms. Krezoub had a detention hearing before Magistrate Judge Lisa J. Cisneros of the Northern District of California in case number 3:23-mj-70348-MAG (N.D. Cal.). The minutes of that hearing reflect that Judge Cisneros ordered Ms. Krezoub detained.

4. On April 18, 2023, an indictment was returned against Ms. Krezoub.

5. On April 21, 2023, Ms. Krezoub had a hearing before Magistrate Judge Rozella A. Oliver of the Central District of California, at which Ms. Krezoub was arraigned and bond was discussed. *See* ECF No. 26. My colleague, Deputy Federal Public Defender Rebecca Abel, represented Ms. Krezoub at that hearing. Neither Ms. Abel nor Pretrial Services was able to locate sureties to assist Ms. Krezoub with bond. Judge Oliver ordered Ms. Krezoub detained. *See* ECF No. 25.

6. Since April 21, 2023, I have determined that two cousins of Ms. Krezoub's, Lyudmila Jones and Larisa Gomenyuk, are willing to assist Ms. Krezoub with bond. I am informed and believe that Ms. Jones and Ms. Gomenyuk are naturalized U.S. Citizens residing in the Eastern District of California near Sacramento. They are each willing to sign an appearance bond of $5,000, for a total of $10,000. On information and belief, Ms. Jones works as a caregiver and Ms. Gomenyuk works as an

1 administrative professional at a trucking company.  Ms. Gomenyuk has informed me
2 that Ms. Krezoub can live with her in Plumas Lake, California while on pretrial release.

3     7.    On October 25, 2023, I notified U.S. Probation and Pretrial Services
4 Officers Fernando Basulto and Fatima Vazquez that Ms. Krezoub would be seeking
5 bond reconsideration in light of the new sureties discussed above and I provided
6 contact information for Ms. Jones and Ms. Gomenyuk.

7     8.    Also on October 25, 2023, I notified government counsel, Assistant United
8 States Attorney Andrew Roach, that Ms. Krezoub would be seeking bond
9 reconsideration in light of the new sureties discussed above.  Mr. Roach informed me
10 that the government was not willing to stipulate to release on bond and that it would
11 oppose Ms. Krezoub's request.  He further informed me of the government's position
12 that an application for bond reconsideration directed to Judge Oliver pursuant to 18
13 U.S.C. § 3142(f) is not proper, in light of the underlying order issued by Judge Cisneros
14 in the Northern District of California detaining Ms. Krezoub.  Rather, Mr. Roach
15 explained the government's position that the proper procedure is to request a bail
16 review by the district court pursuant to 18 U.S.C. § 3145(b).

17     9.    On October 26, 2023, I informed Mr. Roach that the defense does not
18 object to proceeding before the district court under 18 U.S.C. § 3145(b).  Mr. Roach
19 confirmed his agreement that pursuant to Section 3145(b), the district court is permitted
20 to consider evidence not before the Magistrate Judge at the original detention hearing,
21 such as new surety information.  Mr. Roach did not object to the ex parte nature of Ms.
22 Krezoub's request to set a bail hearing before this Court.

23 I declare under penalty of perjury under the laws of the United States of America
24 that the foregoing is true and correct.

25 Executed on October 26, 2023 at Santa Ana, California.


TERRA CASTILLO LAUGHTON

4