1  E. MARTIN ESTRADA
   United States Attorney
2  CAMERON L. SCHROEDER
   Assistant United States Attorney
3  Chief, National Security Division
   ANDREW M. ROACH (Cal. Bar No. 293375)
4  Assistant United States Attorney
   Cyber & Intellectual Property Crimes Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0306
7       Facsimile: (213) 894-2927
        E-mail:    andrew.roach@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,      | No. 8:23-CR-00042-CJC
13 |        Plaintiff,              | STATEMENT REGARDING DEFENDANT
   |                                | ANASTASSIA KREZOUB'S CHANGE OF
14 |        v.                      | PLEA HEARING
15 | ANASTASSIA KREZOUB,            | Hearing Date: January 22, 2024
   |   aka "Sylvia Kass,"           | Hearing Time: 9:00 a.m.
16 |                                | Location:     Courtroom of the
   |        Defendant.              | Hon. Cormac J. Carney
17 |                                |
18 |                                |

19      Plaintiff United States of America, by and through its counsel

20 of record, the United States Attorney of the Central District of

21 California and Assistant United States Attorney Andrew M. Roach, and

22 defendant Anastassia Krezoub ("defendant"), by and through her

23 counsel of record, Deputy Federal Public Defender Terra D. Castillo

24 Laughton, hereby file this statement regarding defendant's change of

25 plea.

26                       NATURE OF THE OFFENSES

27      1.   For defendant to be guilty of the crime charged in count

28 one, that is, stalking, in violation of Title 18, United States Code,

Sections 2261A(2)(B), 2261(b)(5), the following must be true: (1) defendant, with the intent to harass or intimidate another person; (2) used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; and (3) to engage in a course of conduct that caused, attempted to cause, or would reasonably be expected to cause, substantial emotional distress to that person, or an immediate family member of that person, or a spouse or intimate partner of that person.

2.   For defendant to be guilty of the crime charged in count two, that is, transmitting interstate communications with the intent to extort, in violation of Title 18, United States Code, Section 875(d), the following must be true: (1) defendant knowingly sent a message in interstate commerce containing a true threat to accuse another person of a crime or to injure the reputation of another person; and (2) defendant did so with the intent to extort money or something else of value from a person.

## PENALTIES

3.   The statutory maximum sentence that the Court can impose for stalking, in violation of Title 18, United States Code, Sections 2261A(2)(B), 2261(b)(5), as alleged in count one, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

4.   The statutory maximum sentence that the Court can impose for transmitting interstate communications with the intent to extort,

in violation of Title 18, United States Code, Section 875(d), as alleged in count two, is: two years' imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  If defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.   By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant is pleading guilty to felonies and it is a federal crime for a convicted felon to possess a firearm or ammunition.  The convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

7.   If defendant is not a United States citizen, her convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United

States. Defendant may also be denied United States citizenship and admission to the United States in the future.

### ANTICIPATED FACTUAL BASIS

8. The parties anticipate stipulating to the factual basis below and agreeing that this statement of facts is sufficient to support pleas of guilty to the charges in the indictment.

Beginning on or about November 29, 2021, and continuing to on or about December 27, 2021, and beginning on or about March 17, 2022 and continuing to on or about March 23, 2023, in Orange County, within the Central District of California, and elsewhere, defendant, with the intent to harass and intimidate the victim, used facilities of interstate and foreign commerce, namely email, interstate wires, and the internet, to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to the victim.

Defendant's course of conduct included:

- Between on or about November 29, 2021 and on or about December 11, 2021, defendant sent the Victim text messages that disparaged him and other individuals.
- Beginning on or about December 12, 2021, after the Victim told defendant to stop, defendant sent harassing text messages to the Victim from multiple phone numbers.

Between on or about February 8 through on or about February 11, 2023, defendant, with the intent to extort money or something else of value from the victim, transmitted in interstate commerce communications that contained true threats to injure the reputation of the victim.

4

For example, on or about February 8, 2023, defendant sent the Victim text messages requesting that he buy her certain luxury items or defendant would damage the reputation of the Victim. These messages included: "How about you go to Chanel and buy cash? Or some exotic bags from Dior?"

Over the course of her extortionate demands, defendant demanded from the victim property and items of value worth approximately $500,000.

## WAIVER OF CONSTITUTIONAL RIGHTS

9. By pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at trial. However, defendant retains the right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

       g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

       h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.